UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WYLETTA NASH, individually and on behalf of all others similarly situated,**
        **Plaintiff,**

    v.                                           Case No. 13-C-0581

**WELLS FARGO BANK, N.A.,**
        **Defendant.[1]**

---

## DECISION AND ORDER

The plaintiff, Wyletta Nash, seeks to represent a class of persons who were terminated from, or denied employment with, Wells Fargo Bank, N.A., on the basis of information contained in a "consumer report," as that term is defined in the Fair Credit Reporting Act ("FCRA"). At the time that she filed her complaint, Nash also filed a motion for class certification. Nash does not want me to decide the motion at this time. Instead, she wants me to delay ruling on the motion until she has had a chance to conduct discovery on the elements of class certification under Federal Rule of Civil Procedure 23. Nash filed her motion for class certification now, rather than after the close of discovery on class certification, to prevent Wells Fargo from offering to pay her individual claim in full and thereby preclude her from serving as the class representative. See Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011). Nash's approach is consistent with guidance offered by the Seventh Circuit:

---

[1] I have amended the caption to reflect that Alice Wynn is no longer a plaintiff and that First Advantage Corporation is no longer a defendant.

> Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs. . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation. . . . Although discovery may in some cases be unnecessary to resolve class issues, in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.

Id. at 896–97.

Wells Fargo opposes Nash's request to delay ruling on the motion for class certification. It believes that class certification is so clearly inappropriate that I can make that determination now, without giving the plaintiff a chance to develop the record. I disagree. Whether class certification is appropriate will likely turn on whether Wells Fargo has any uniform policies or practices concerning when it will conduct background checks on its employees or prospective employees (the results of which might qualify as "consumer reports" within the meaning of the FCRA), and on whether it has any uniform policies or practices concerning the treatment of employees or prospective employees with certain information in their backgrounds. It would be inappropriate to deny class certification before the plaintiff has had a chance to conduct discovery on these topics, among others.

Accordingly, **IT IS ORDERED** that the plaintiff's motion to stay ruling on her motion for class certification [ECF No. 23] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge